IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD FORMAN,

                Plaintiff,

v.                                                    OPINION and ORDER

CITY OF MIDDLETON and                        20-cv-516-jdp
GURDIP BRAR,

                Defendants.

---

    Todd Forman was terminated from his position as IT director for the city of Middleton after fifteen years on the job. Three years before he was fired, he was diagnosed with severe depression. Forman brought disability discrimination claims against the city under the Americans with Disabilities Act (ADA), on grounds that the city failed to accommodate his depression, retaliated against him for reporting his depression, and created a hostile work environment. The court granted summary judgment in favor of the city on his claims. Dkt. 31.

    On cross-motions for summary judgment, the court concluded that Forman's failure-to-accommodate claim failed because Forman did not actually request accommodations, so he couldn't show that the city was required to initiate a discussion about accommodations or provide them. *Id.* Forman now moves for relief from judgment on his failure-to-accommodate claim under Federal Rule of Civil Procedure 59(e). Dkt. 33. But he has not provided any reason that would justify relief, so the motion will be denied.

    Rule 59(e) permits a court to alter or amend a judgment if the movant identifies a manifest error of law or fact or presents newly discovered evidence. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief may be warranted when a court patently misunderstands a party, made a decision outside the issues presented, or made an error not of

reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales,* Inc., 906 F.2d 1185, 1191 (7th Cir.1990) (citation omitted). But Rule 59(e) is not a vehicle for rehashing previously rejected motions or arguing matters that could have or should been heard at summary judgment. *Id.*; *Wagner v. John Glasspiegel Co.*, 983 F.2d 1074 (7th Cir. 1993).

Forman contends that the court committed manifest errors of law and fact because it: (1) granted summary judgment to the city on an "outside issue not argued by the parties;" and (2) overlooked evidence establishing that Forman's depression made him unable to communicate his desire for accommodations. Dkt. 34, at 1–2.

To prevail on a failure-to-accommodate claim under the ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) the city was aware of his disability; and (3) the city failed to provide a reasonable accommodation. *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 682 (7th Cir. 2014). When an employee asks for an accommodation because of a disability, the employer is required to engage in an "interactive process" to determine the severity of the disability and the appropriate accommodations. *Kauffman v. Petersen Health Care VII, LLC*, 769 F.3d 958, 963 (7th Cir. 2014). Generally, it is the employee's duty to trigger that process by notifying the employer that he has a disability and desires an accommodation. *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 803 (7th Cir. 2005). But when an employee has a mental health disability, "the employer has to meet the employee half-way, and if it appears that the employee may need an accommodation but doesn't know how to ask for it, the employer should do what it can to help." *Bultemeyer v. Fort Wayne Cmty. Sch.*, 100 F.3d 1281, 1285 (7th Cir. 1996).

At summary judgment, it was undisputed that Forman did not explicitly ask the city for reasonable accommodations for his depression. The court concluded that even though Forman

had a mental health disability, the duty in *Bultemeyer* to initiate the interactive process absent a clear accommodations request did not apply to the city. *Bultemeyer* does not establish a blanket requirement on an employer to initiate reasonable accommodations discussions any time it learns that an employee has a mental health diagnosis. The court explained that *Bultemeyer* only applies when an employee with a mental health issue has difficulty communicating with his employer about his situation. *Id.* The employee in *Bultemeyer* had severe bipolar disorder, anxiety attacks, and schizophrenia, which gave him irrational fears that diminished his capacity to ask for help. *Id.* at 1285–86. Forman's evidence did not establish that his depression made him unable to communicate his needs, so he did not show any failure to accommodate.

Forman contends that the court should not have granted summary judgment to the city on this basis because his communication abilities were an "outside issue not argued by the parties." Dkt. 34, at 1–2. He is correct that the parties' summary judgment briefs primarily focused on whether Forman was a qualified individual with a disability. And the city didn't move for summary judgment on each individual element of Forman's failure-to-accommodate claim. So at least in connection to the city's summary judgment motion, the parties did not discuss the city's duty to engage in the interactive process with much granularity.

But Forman raised the relevant issues in his own summary judgment motion. Dkt. 10. He devoted three pages of his brief to argument that he triggered the city's obligation to initiate in the interactive process, yet the city failed to discuss reasonable accommodations with him. Dkt. 10, 23–26. He cited *Bultemeyer* and *Walters v. Mayo Clinic Health Sys.-EAU Claire Hosp., Inc.*, 998 F. Supp. 2d 750, 764 (W.D. Wis. 2014) for the idea that mental health disabilities "impose a heightened duty on employers to begin the interactive process." Dkt. 10, at 24. He

3

quoted *Bultemeyer's* statement that an employer should initiate the process "if it appears that the employee may need an accommodation but doesn't know how to ask for it." *Id.* And he argued why *Bultemeyer* and *Walters* applied to his case. *Id.* Forman placed the issue of his ability to communicate on the table. The court will not grant reconsideration on this ground.

Forman also contends that the court disregarded undisputed evidence that his depression handicapped his ability to communicate his needs to the city. He cites the following evidence:

- A statement by Forman's provider on his FMLA application that Forman was unable to "manage current symptoms to maintain effective organization, performance, [and] communication" Dkt. 12-3.
- Forman's declaration statement that his depression interfered with his ability to communicate, among other things. Dkt. 25, ¶ 6.
- Forman's declaration statement that his depression made him feel "anxious when interacting with co-workers" and that "[d]uring confrontations with others, my voice shakes and elevates, I sweat, and I find it difficult to interact and express myself." Dkt. 25, ¶ 9.
- Forman's medical record relaying his statement to a provider that he has doubts, indecision, and rumination, and "zero motivation to do the things [he] should do." Dkt. 25-4.

Forman also contends that in considering his communication difficulties, the court failed to take three events into account: (1) the city rejected his request to maintain his office location; (2) the city declined to instruct another employee to stop harassing him; and (3) Forman told his supervisor that he was depressed but did not receive any help. Forman says

4

that these instances show that it would have been futile to request accommodations, a perception that contributed to his inability to communicate his needs. *Bultemeyer,* 100 F.3d at 1285 (7th Cir. 1996) (assessment of whether an employee is capable of requesting accommodations may include whether "he may have thought it was futile to ask").

But Forman is making new arguments and citing new evidence that could have been presented to the court at summary judgment, which Rule 59(e) does not allow. *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). Even if Forman he had made these contentions at summary judgment, the outcome of his claim would be the same. The evidence he cites shows that his depression affected his communication abilities only on the most general level. The statements provide no detail about the specific communication tasks that Forman had difficulty with, and they do not support the conclusion that Forman's depression prevented him from requesting accommodations from the city. Similarly, the events that Forman discusses do not support the conclusion that the city would have refused to grant him accommodations for his depression if he had directly asked for them. Forman's motion for relief under Rule 59(e) will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Todd Forman's motion to alter or amend a judgment, Dkt. 33, is DENIED.

Entered August 25, 2022.

                                        BY THE COURT:

                                        /s/

                                        _____

                                        JAMES D. PETERSON
                                        District Judge